## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN  DIVISION

| | | |
|---|---|---|
| R. CRAWFORD WELCH and GILES F. CRIDER, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | CV-09-BE-173-E |
| v. | ] | |
| | ] | |
| JANET NAPOLITANO, Secretary of the United States Department of Homeland Security, in her official and individual capacities; CENTER FOR DOMESTIC PREPAREDNESS; F. MARION CAIN III, in his individual capacity; and THE CALHOUN COUNTY COMMISSION, | ] ] ] ] ] ] ] ] ] | |
| | ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

This case comes before the court on Defendant Calhoun County Commission's motion to dismiss (doc. 4). The parties have fully briefed the motion, and the court has reviewed the filings and the applicable law.  For the reasons stated below, the court will GRANT IN PART and DENY IN PART the Defendant's motion (doc. 4). The court will enter a separate order to that effect simultaneously.

## FACTS

Plaintiffs Crawford Welch and Giles Crider brought suit against the Calhoun County Commission; Janet Napolitano, Secretary of the United States Department of Homeland Security; the Center for Domestic Preparedness (CDP); and Marion F. Cain, the Director of the CDP at the relevant times. Plaintiffs assert four claims in this suit, including one First

Amendment claim, two Fourteenth Amendment claims, and one claim under the State

Employees Protection Act. All of the Plaintiffs' claims arise out of the termination of their

employment from the CDP. Though the Plaintiffs were terminated six months apart, they claim

that their terminations were both connected to disclosures they allegedly made to the Department

of Homeland Security regarding the operation of the CDP and the conduct of former CDP

Director Marion Cain.

Plaintiffs first assert that the Defendants violated their First Amendment rights in

terminating them in retaliation for their alleged disclosures, because the Plaintiffs assert that they

were exercising their First Amendment rights in speaking on a matter of public concern in

making the alleged disclosures. Second, the Plaintiffs assert that the Defendants violated their

rights to due process and equal protection under the Fourteenth Amendment by terminating them.

Third, they allege that the Defendants violated the State Employees Protection Act in terminating

them.

The Calhoun County Commission moves the court to dismiss the Plaintiffs' claims

against the Commission, because it argues that the Plaintiffs have failed to state a claim upon

which relief can be granted. The Commission argues that it is not the Plaintiffs' employer and,

therefore, cannot be held liable for any supposed violations of law arising out of the Plaintiffs'

employment and/or termination. The Commission also argues that the Plaintiffs have failed to

state a claim against them pursuant to either the First or Fourteenth Amendment as applied

through 42 U.S.C. § 1983, or pursuant to the State Employees Protection Act.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint.

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.  "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements.  *Id.* at 1965

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff.  *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)).  Nevertheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### DISCUSSION

The Plaintiffs do not oppose the Commission's motion to dismiss their respective claims for violations of the equal protection clause of the Fourteenth Amendment and for violations of the State Employees Protection Act. As such, the court will GRANT the Commission's motion

as to the Plaintiffs' equal protection and State Employees Protection Act claims.

The Commission seeks to dismiss all of the Plaintiffs' claims against it, because, the Commission argues, it is not the Plaintiffs' employer. To support this argument, the Commission has filed with the court Interagency Agreements, which allegedly establish that the Commission was merely providing administrative services to the Center for Domestic Preparedness where the Plaintiffs worked. The Plaintiffs assert that on a motion to dismiss, the court should consider only the factual allegations in the Complaint. Nevertheless, the Plaintiffs also assert that they intend to seek and introduce through discovery "Employment Contracts" between themselves and the Commission, which the Plaintiffs argue would establish an employment relationship with the Commission.

"When matters outside the pleadings are presented to and not excluded by the district court in a [motion to dismiss], the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Nalls v. Coleman Low Federal Inst.*, 307 Fed. App'x 296, 297 (11th Cir. 2009) (citing Fed. R. Civ. P. 12). The court finds that consideration of evidence outside the pleadings is inappropriate on this motion to dismiss, especially where the plaintiffs allege that they could present conflicting evidence. The court further finds that the Commission's motion to dismiss should not be converted to a motion for summary judgment at this time, because further discovery is needed before all parties may present all the material pertinent to such a motion. As such, the court will consider the Commission's motion to dismiss as just that.

The Commission argues in its motion to dismiss that the Plaintiffs specifically failed to state a claim for violations of their right to due process under the Fourteenth Amendment. "[T]he

Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994). In the context of employment termination, the Supreme Court has explained that an "employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before a state or state agency may terminate the employee. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

The Plaintiffs concede that their Complaint does not include an allegation that the Defendants denied them a pre- or post-deprivation hearing. As such, the Plaintiffs seek leave to amend their Complaint to correct this pleading defect. The Commission asserts that Plaintiffs should not be allowed to amend their Complaint as to their Fourteenth Amendment Due Process claims, because such amendments would be futile. The court will allow the Plaintiffs an opportunity to amend their Complaint as to their due process claims. The court, therefore, will DENY the Commission's motion to dismiss the Plaintiff's due process claims at this time.

The Commission also asserts that the Plaintiffs generally failed to state any claim against the Commission, because they failed to allege that the Commission was actually involved in their terminations. Nevertheless, after reviewing the Complaint, the court notes that each Plaintiff asserts that he was employed by the Defendants. Each Plaintiff asserts that he spoke out about matters of public concern, namely disclosures to the Department of Homeland Security regarding alleged corruption, fraud, sexual harassment, and waste of government funds at the Center for Domestic Preparedness. Each Plaintiff asserts that the Defendants learned about his disclosures and that the Defendants thereafter terminated him. The court finds that, assuming all factual

allegations set forth in the complaint are true and construing all factual allegations and reasonable inferences in the light most favorable to the Plaintiffs, the Plaintiffs have sufficiently alleged the Commission's involvement in their terminations for the purposes of Rule 12.

## CONCLUSION

For the reasons stated above, the court will GRANT IN PART and DENY IN PART the Commission's motion to dismiss. Specifically, the court will GRANT the Commission's motion as to the Plaintiffs' equal protection and State Employees Protection Act claims, because the Plaintiffs concede they are due to be dismissed with prejudice.

The court will DENY the Commission's motion as to the Plaintiffs' due process claims without prejudice, and the court will GRANT the Plaintiffs leave to file an amended complaint as to those claims.

The court will DENY the Commission's motion as to the Plaintiff's First Amendment claims, because the court finds that the Plaintiffs have made sufficient allegations for the motion to dismiss stage to state claims against the Commission.

DATED this 23rd day of July, 2009.

_Karon O. Bowdre_

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE