IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R. CRAWFORD WELCH and GILES F. CRIDER,<br><br>　　Plaintiffs,<br><br>v.<br><br>JANET NAPOLITANO, Secretary of the United States Department of Homeland Security, in her official and individual capacities; CENTER FOR DOMESTIC PREPAREDNESS; F. MARION CAIN III, in his individual capacity; and THE CALHOUN COUNTY COMMISSION,<br><br>　　Defendants. | CV-09-BE-173-E |

**MEMORANDUM OPINION**

This case comes before the court on "Defendant F. Marion Cain's Motion to Dismiss or, Alternatively, for Summary Judgment" (doc. 17). The parties have fully briefed the motion, and the court has reviewed the filings and the applicable law. Plaintiffs Welch and Crider assert claims under the State Employees Protection Act, the First Amendment, and equal protection against Defendant Cain. For the reasons stated below, the court will GRANT Defendant Cain's motion as to the Plaintiffs' equal protection and State Employees Protection Act claims, and DENY Defendant Cain's motion as to the Plaintiffs' First Amendment claim (doc. 17). The court will DISMISS the Plaintiffs' equal protection and State Employees Protection Act claims WITH PREJUDICE.

The court will enter a separate order to that effect simultaneously.

1

# FACTS

Plaintiffs Crawford Welch and Giles Crider were contract employees working for the Center of Domestic Preparedness prior to the respective terminations of their employment contracts in 2007. At all times relevant to this suit, the CDP was operated by the Department of Homeland Security. Plaintiffs' complaints arise out of the respective terminations of their employment contracts.

Plaintiffs brought this suit against the Calhoun County Commission; Janet Napolitano, Secretary of the United States Department of Homeland Security; the Center for Domestic Preparedness (CDP); and Marion Cain, the Director of the CDP at the relevant times. Janet Napolitano and the Center for Domestic Preparedness have been dismissed from the case. The only remaining Defendants are Marion Cain and the Calhoun County Commission.

Plaintiffs each assert three claims in this suit, including one First Amendment claim, one Fourteenth Amendment equal protection/due process claim, and one claim under the State Employees Protection Act. All of the Plaintiffs' claims arise out of the termination of their employment with the CDP. Though the Plaintiffs were terminated six months apart, they claim that their terminations were both connected to disclosures they allegedly made to the Department of Homeland Security regarding the operation of the CDP and the conduct of former CDP Director Marion Cain.

*Plaintiff Welch's Termination*

Plaintiff Welch asserts that his employment contract was terminated as a result of disclosures he allegedly made to the Department of Homeland Security regarding the operation of the CDP and the conduct of former CDP Director Marion Cain. Defendant Cain asserts that

2

Plaintiff Welch was terminated as a result of tax lien issued against him by the IRS in 2006. Sandra Bloxdorf, Personnel Security Specialist for the Department of Homeland Security in Washington, D.C., advised Plaintiff Welch by letter on January 11, 2007, that the tax lien could affect his suitability for continued employment under his contract with the CDP. On January 24, 2007, Bloxdorf notified Plaintiff Welch that the Department of Homeland Security Office of Security had determined that he was unsuitable for assignment as a contract employee with the CDP, because of his failure to file and pay Federal Income Tax in a timely manner as required by law. Plaintiff Welch asserts that his employment contract was then terminated on January 29, 2007.

*Plaintiff Crider's Termination*

Plaintiff Crider also asserts that his employment contract was terminated as a result of disclosures he allegedly made to the Department of Homeland Security regarding the operation of the CDP and the conduct of former CDP Director Marion Cain. Defendant Cain asserts that Plaintiff Crider was terminated as a result of a complaint received by fellow CDP employees that Plaintiff Crider had forwarded inappropriate and highly political emails to the employee using his government-furnished account. The CDP had previously notified employees that sending politically charged and inappropriate emails would not be tolerated. The CDP hand delivered a letter to Plaintiff Crider on June 1, 2007, terminating his employment contract and explaining the complaints it had received regarding his behavior.

*Defendant Cain's Motion*

Defendant Cain moves the court to dismiss the Plaintiffs' claims against him, because he argues that the Plaintiffs have failed to meet the pleading standards set out by the Supreme Court

and the Eleventh Circuit. He also asserts that at least some of the Plaintiff's claims are barred by the statute of limitations. He also argues that he is entitled to qualified immunity. He further argues that he cannot be held personally liable to the Plaintiffs, because while he was the Director of the CDP when the Plaintiffs received their notices of termination, he did not make the decision to terminate their contracts or direct that such decisions be made.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements. *Id.* at 1965

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d

1571, 1573 (11th Cir. 1990)).  Nevertheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## DISCUSSION

The Plaintiffs do not oppose Defendant Cain's motion to dismiss their respective claims for violations of the equal protection clause of the Fourteenth Amendment and for violations of the State Employees Protection Act. As such, the court will GRANT Defendant Cain's motion as to the Plaintiffs' equal protection and State Employees Protection Act claims. The court will now turn to the Plaintiffs' only remaining claims against Defendant Cain – the First Amendment claims.

Defendant Cain asserts that he is entitled to qualified immunity as to the Plaintiffs' First Amendment claims. In support of that assertion, Defendant Cain has submitted evidentiary material for the court's consideration. "When matters outside the pleadings are presented to and not excluded by the district court in a [motion to dismiss], the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Nalls v. Coleman Low Federal Inst.*, 307 Fed. App'x 296, 297 (11th Cir. 2009) (citing Fed. R. Civ. P. 12). The court finds that consideration of evidence outside the pleadings is inappropriate on this motion to dismiss. The court further finds that the Defendant's motion to dismiss, or in the alternative motion for summary judgment, should not be converted to a motion for summary judgment at this time, because further discovery is needed before all parties may present all the material pertinent to such a motion. Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion."). As such, the court will consider the Defendant's motion to dismiss as just that.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities unless the official violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citation omitted). "Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *Id*. (citing *GJR Invs., Inc., v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)).

To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Government officials act within the scope of their discretionary authority if "the actions were (1) 'undertaken pursuant to the performance of [their] duties' and (2) 'within the scope of [their] authority.'" *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1998)). Defendant Cain asserts that he was not the decision maker regarding the termination of the Plaintiffs' employment contracts. The Plaintiffs assert that Defendant Cain was personally responsible for their terminations. Though neither party explicitly addressed the "discretionary

authority" element, the court does find that if Defendant Cain had been the decision maker behind the Plaintiffs' respective terminations, such decision would have been within his discretionary authority as the Director of the CDP.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The Supreme Court has articulated a two-part test to determine whether qualified immunity is appropriate. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, the court must ask this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, "[i]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* (citing *Saucier*, 533 U.S. at 201). The Supreme Court recently clarified the *Saucier* two-step process, explaining that the order of the inquiry is fluid, providing the trial court with the flexibility to focus on the determinative question without being constrained to analyze first the issue of a violation and then whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. ----, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

The question, then, is whether the Plaintiffs have alleged facts to show that Defendant Cain's alleged decision to terminate their respective employment contracts violated the Plaintiffs' clearly established First Amendment rights. The Eleventh Circuit has stated:

> For a public employee to sustain a claim of retaliation for protected speech under the First Amendment, the employee must show by a preponderance of the evidence these things:

> (1) the employees speech is on a matter of public concern; (2) the employee's First Amendment interest in engaging in the speech outweighs the employer's interest in prohibiting the speech to promote the efficiency of the public services it performs through its employees; and (3) the employee's speech played a "substantial part" in the employer's decision to demote or discharge the employee.

*Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759-60 (11th Cir. 2006) (quoting *Anderson v. Burke Cty., Ga.*, 239 F.3d 1216, 1219 (11th Cir. 2001)).

After reviewing the Complaint, the court notes that each Plaintiff asserts that he was employed by the Defendants. Each Plaintiff asserts that he spoke out about matters of public concern, namely disclosures to the Department of Homeland Security regarding alleged corruption, fraud, sexual harassment, and waste of government funds at the Center for Domestic Preparedness. Each Plaintiff asserts that the Defendants learned about his disclosures and that the Defendants thereafter terminated him. Each Plaintiff also asserts that the "defendants retaliated against him under color of state law for the exercise of free speech guaranteed to him by the First Amendment to the United States Constitution and 42 U.S.C. § 1983 by terminating his employment." The court finds that, assuming all factual allegations set forth in the complaint are true and construing all factual allegations and reasonable inferences in the light most favorable to the Plaintiffs, the Plaintiffs have adequately alleged violations of their clearly established First Amendment rights against Defendant Cain for the purposes of Rule 12. As such, Defendant Cain is not entitled to qualified immunity, and the court will DENY Defendant Cain's motion to dismiss the Plaintiffs' First Amendment claims.

Defendant Cain also asserts that Plaintiff Welch's First Amendment claim should be dismissed as barred by the statute of limitations. "The Supreme Court has directed that the state

statute of limitations period applicable to personal injury actions should be applied to all actions brought under § 1983." *Smith v. Belle*, 321 Fed. App'x 838, 844 (11th Cir. 2009) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superceded by statute as recognized in*, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). The statute of limitations for personal injury actions in Alabama is two years. Ala. Code § 6-2-38(1).

Defendant Cain asserts that Plaintiff Welch was terminated on January 24, 2007, when Sandra Bloxdorf, Personnel Security Specialist for the Department of Homeland Security, wrote Plaintiff Welch a letter explaining that her office had determined that he was unsuitable for assignment as a contract employee with the CDP because of his IRS tax lien. However, in his complaint, Plaintiff Welch asserts that the Defendants terminated his employment contract on January 29, 2007. Thus, even though the court sees merit in Defendant Cain's assertion, the court must take the allegations in the complaint as true for the purposes of this motion to dismiss. As such, the court finds that Plaintiff Welch's First Amendment claim, which was filed on January 29, 2007, was timely filed. Evidence procured during discovery may ultimately reveal that Plaintiff Welch's asserted termination date of January 29, 2007, is incorrect, which could lead to this court finding that his complaint should be barred by the statute of limitations.

## CONCLUSION

For the reasons stated above, the court will GRANT Defendant Cain's motion as to the Plaintiffs' equal protection and State Employees Protection Act claims, because the Plaintiffs do not oppose Defendant Cain's motion as to those claims.

The court will DENY Defendant Cain's motion to dismiss as to the Plaintiffs' First Amendment claims, because the court finds that, based on the facts alleged in the complaint, the

Plaintiffs have adequately alleged First Amendment claims and that Defendant Cain is not entitled to qualified immunity as to those claims.

DATED this 19th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE