IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **R. CRAWFORD WELCH, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | CV-09-BE-0173-E |
| ] | |
| **JANET NAPOLITANO, Secretary of** ] | |
| **the United States Department of** ] | |
| **Homeland Security, in her official** ] | |
| **and individual capacities, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

This matter comes before the court upon the "Joint Motion to Modify or Amend Order" (doc. 41) filed by Plaintiffs and Defendant Calhoun County Commission.  The motion asks the court to amend, pursuant to its discretion under Fed. R. Civ. P. 60(a), its prior Order dismissing Plaintiff's claims against the Commission.  (*See* Doc. 37).  Specifically, the parties ask the court to change the dismissal from "without prejudice" to "with prejudice," a correction the parties state would reflect their actual intent at the time Plaintiff submitted his voluntary notice of dismissal.  (*See* Doc. 36).  Defendant F. Marion Cain opposes the motion.  The parties have fully briefed the motion.  Having considered the arguments and the applicable law, the court finds the motion is due to be GRANTED for the reasons set forth below.

## PROCEDURAL HISTORY

The procedural timeline is essential to the understanding and resolution of this motion. The court recounts the pertinent dates as follows:

1

| | |
|---|---|
| January 29, 2009 | Complaint filed against Janet Napolitano; Center for Domestic Preparedness; F. Marion Cain, III; and Calhoun County Commission. (Doc. 1). |
| June 25, 2009 | Defendant Cain filed "Motion to Dismiss, or Alternatively, for Summary Judgment" (doc. 17). |
| August 19, 2009 | Memorandum Opinion (doc. 30) and Order (doc. 31) granting partial summary judgment dismissing certain claims against Defendant Cain **with prejudice**. |
| August 19, 2009 | Defendant Cain filed Motion to Reconsider (doc 32). |
| August 24, 2009 | Memorandum Opinion and Order (doc. 35) granting Cain's motion to reconsider and dismissing all remaining claims against Defendant Cain **with prejudice**. |
| September 3, 2009 | Plaintiffs' Notice of Voluntary Dismissal (doc. 36), dismissing all claims against Defendant Calhoun County Commission. |
| September 4, 2009 | Final Order of Dismissal (doc. 37), dismissing claims against Defendant Calhoun County Commission and dismissing entire case **without prejudice**. |
| September 22, 2009 | Plaintiffs filed their notice of appeal regarding the court's dismissal of Defendant Cain. (Doc. 38). |
| January 12, 2010 | The Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  (*See* Doc. 40). |

In its Order dismissing Plaintiffs' appeal for lack of jurisdiction, the Eleventh Circuit held that this court's September 4, 2009 Order dismissing the Commission "without prejudice" did not confer jurisdiction for an appeal regarding the dismissal of Cain.  (*See* Doc. 40, citing *State Treasurer of the State of Michigan v. Barry*, 168 F.3d 8, 11-16 (11th Cir. 1999); *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1336-37 (11th Cir. 1998); *Mesa v. United States*, 61 F.3d 20, 21-22 (11th Cir. 1995)).  Eleventh Circuit jurisprudence governing

2

appealability, frowning upon the practice of piecemealing litigation to artificially manufacture grounds for appeal, holds that a voluntary dismissal *without* prejudice, *i.e.,* a voluntary adverse judgment that leaves open the door for re-filing, does not qualify as an appealable final judgment. *See id.* In the interest of finality, however, a voluntary dismissal *with* prejudice does so qualify.

## DISCUSSION

In their motion, Plaintiffs and Defendant Calhoun County Commission ask the court to enter an order, pursuant to Rule 60(a),[1] modifying or amending its Orders dated August 25, 2009 and September 4, 2009 such that Plaintiff's claims be dismissed *with prejudice*. (Mot. to Modify or Am. Order, Doc. 41, at 3). The movants assert that "[i]t was the intention of the plaintiff and of the then-remaining defendant Calhoun County Commission, that Calhoun County Commission be dismissed *with prejudice*, pursuant to a Final Order which ultimately disposed of all claims in this Court." (*Id.* at 2). Further, they argue that denial of their motion would prevent the Plaintiffs from ever appealing the dismissal of their claims on the merits, and therefore, would thwart the purpose of Rule 60, which focuses on justice. *See United States v. Gould,* 301 F.2d 353 (5th Cir. 1962) (" . . . Rule 60(b) should be liberally construed for the purpose of doing substantial justice."); *see also* Fed. R. Civ. P. 1 ("These rules . . . . should be construed and administered to secure the just . . . determination of every action and proceeding.").

In this case, the "Plaintiffs' Notice of Voluntary Dismissal" did not designate or

---

[1] Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." In this case, Plaintiff's first appeal is no longer pending, and the court is thus free to correct its previous judgment and/or orders without leave from the Eleventh Circuit Court of Appeals.

otherwise request that its claims be dismissed with or without prejudice. (*See* Doc. 36). In dismissing the claims "without prejudice," this court did not intend to foreclose Plaintiff's opportunity to appeal. If the court had been made aware of Plaintiff's actual intention to dismiss all claims *with* prejudice, the court would have designated the dismissal with prejudice without reservation. Therefore, the court, within its sound discretion, considers its designation of dismissal without prejudice to be a "mistake arising from oversight" that may properly be corrected under Rule 60(a).

Because Rule 60(a), unlike Rule 60(c), does not designate an internal time limit or deadline for amendment, the court finds Defendant Cain's various challenges to the timeliness of this motion without merit. Moreover, the court finds that its election to use its valid discretion to correct its September 4, 2009 Order will not result in any undue prejudice to Defendant Cain; notably, clarification of the court's September 4, 2009 Order (doc. 37) as dismissing Plaintiffs' claims against the *Commission* as "with prejudice" instead of "without prejudice" presents no substantive changes or alteration to the court's August 24, 2009 Order (doc. 35) dismissing with prejudice Plaintiffs' claims against *Cain*.

## CONCLUSION

For these reasons, the court will GRANT the motion to alter or modify by separate order to be entered simultaneously.

DONE and ORDERED this 9th day of March, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4